■ PIN OAK CONSTRUCTION COMPANY, INC., Appellant, v VALERE L. DESCHAINE, Doing Business as GREENE COUNTY PULP AND LUMBER COMPANY, Defendant, and INTERNATIONAL FIDELITY INSURANCE COMPANY et al., Respondents. — Appeal (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered October 20, 1982 in Greene County, which, *inter alia,* granted a motion by defendants International Fidelity Insurance Company and Town of Cairo to dismiss the complaint for failure to state a cause of action, and (2) from the judgment entered thereon. Defendant Valere Deschaine, doing business as Greene County Pulp and Lumber Company (Deschaine), entered into a contract with defendant Town of Cairo to perform site development for the new town hall and library. Pursuant to the contract, a performance bond and labor and material bond were issued by defendant International Fidelity Insurance Company (International). Deschaine defaulted in the performance of the contract and, during July, 1979, entered into an agreement with plaintiff, with the knowledge and consent of the town and International, to complete the work under the contract. Plaintiff completed the work as agreed. Liens were filed with the town during the course of the construction against money to be paid to Deschaine by both the Internal Revenue Service and the New York State Department of Labor. Other claims were filed by various materialmen and subcontractors. The town commenced a proceeding against all the parties to this action to determine the priority of the various claims and liens. The proceeding terminated in judgment on July 28, 1980 directing payment of all moneys held by the town and adjudged the town to be discharged from any and all liability to any and all parties in this action. The instant action was commenced against International, Deschaine and the town to recover $21,987.83, representing the cost of the labor and materials supplied by plaintiff. Special Term granted the town and International's motion to dismiss the complaint, concluding that the town was no longer liable on the contract since it had previously paid all the money it owed on the contract. Special Term further reasoned that since the town was no longer liable, its surety was no longer liable. This appeal by plaintiff ensued. While we are to affirm, we do so for a reason other than that relied upon by Special

Term. Both the town and International, in their answers, allege as a defense that plaintiff failed to comply with the contractual time limitation for bringing this suit. More specifically, they contend that the labor and material bond in question expressly provides that no suit or action shall be commenced hereunder by any claimant after the expiration of one year following the date on which the principal ceased work on the contract. The record reveals that the contract work was completed in October, 1979 and the instant action was not commenced until September 10, 1981, some two years later. The complaint does not contain the necessary allegations of timeliness in compliance with the bond. Special Term, however, did not address this issue. Such an allegation is a condition precedent to any action on the bond and plaintiff's failure to so allege is a fatal defect (see *Board of Educ. v Baylor,* 288 NY 665; *Board of Educ. v Aetna Cas. & Sur. Co.,* 178 Misc 1071; 11 NY Jur 2d, Bonds, § 71, p 324). Consequently, the complaint must be dismissed against the town and International. In view of our determination, it is unnecessary to address the other issues raised by the parties. Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.